IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

ROSHAN BOYD,

  Petitioner,

vs.           CIVIL ACTION NO.: CV214-054

SUZANNE R. HASTINGS,

  Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Roshan Boyd ("Boyd"), who is currently incarcerated at the Federal Correctional Institution in Jesup, Georgia ("FCI Jesup"), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response, and Boyd filed a Traverse. For the reasons which follow, Boyd's petition should be **DENIED**.

## STATEMENT OF THE CASE

Boyd was convicted in this Court of distribution of a controlled substance, in violation of 21 U.S.C. § 841(a)(1), and being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). The Honorable Lisa Godbey Wood sentenced Boyd to 62 months' imprisonment. Boyd has a projected release date of December 3, 2016, via good conduct time release. (Doc. No. 7-2, p. 24).

Boyd contends that the Bureau of Prisons ("BOP") has not awarded him with the appropriate amount of credit against his federal sentence. Boyd also contends that the

BOP incorrectly denied his *nunc pro tunc* designation request, which would have allowed his federal and state sentences to run concurrently. Respondent asserts that Boyd has received all of the credit against his federal sentence to which he is entitled.

## DISCUSSION AND CITATION TO AUTHORITY

I. **Sentence credit computation**

Boyd contends that his federal sentence should have commenced when he began his pre-trial detention, pursuant to the "clear instructions" of the sentencing judge. (Doc. No. 1, p. 7). Respondent asserts that Boyd has received credit against his federal sentence for a portion of the time he seeks. Respondent asserts that, during a sentence audit, BOP staff received documentation from Ware County which revealed that Boyd was not credited with 28 days' credit against his state probation revocation sentence from May 28, 2010, to June 24, 2010. Respondent asserts that these 28 days have now been credited against his federal sentence and that Boyd is not entitled to any more credit.

"Multiple terms of imprisonment imposed at different times run consecutively unless the court orders that the terms are to run concurrently." United States v. Ballard, 6 F.3d 1502, 1505 (11th Cir. 1993); see also 18 U.S.C. § 3584(a). It is for a federal court to decide if an offender's federal sentence will run concurrently or consecutively to any state sentence the offender may face. See United States v. Andrews, 330 F.3d 1305, 1307 n.1 (11th Cir. 2003). Additionally, "'if a defendant is in state custody and he is turned over to federal officials for federal prosecution, the state government's loss of jurisdiction is only temporary. The prisoner will be returned to state custody at the completion of the federal proceedings or the federal sentence if the federal government

2

wishes to execute it immediately.'" Powell v. Jordan, 159 F. App'x 97, 99–100 (11th Cir. 2005) (quoting Causey v. Civiletti, 621 F.2d 691, 693 (5th Cir.1980)). "A writ of habeas corpus ad prosequendum is only a loan of the prisoner to another jurisdiction for criminal proceedings in the receiving jurisdiction." Civiletti, 621 F.2d at 693.

It is the duty of the United States Attorney General, acting through the BOP, to determine the amount of credit due for the time served by the defendant prior to sentencing. United States v. Alexander, 609 F.3d 1250, 1259 (11th Cir. 2010). Section 3585 of Title 18 of the United States Code provides:

> (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) Credit of Prior Custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences --
>
>> (1) as a result of the offense for which the sentence was imposed; or
>>
>> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> *that has not been credited against another sentence.*

18 U.S.C. § 3585 (emphasis added). In determining the proper credit, a two-part analysis is helpful. First, it must be determined when the sentence commenced. A sentence "'cannot begin prior to the date it is pronounced, even if made concurrent with a sentence already being served.'" Coloma v. Holder, 445 F.3d 1282, 1284 (11th Cir. 2006) (quoting United States v. Flores, 616 F.2d 840, 841 (5th Cir. 1980)). Here, Boyd's federal sentence at issue began on April 12, 2012, the date he was transferred to the

3

custody of the United States Marshals Service. Section 3585(b) clearly states that, in some circumstances, a defendant is entitled to credit for time served prior to sentence commencement *unless* that time has been credited against another sentence.

Boyd was arrested in Ware County, Georgia, on state charges for: possession of a firearm during the commission of a crime and possession of a firearm by a convicted felon in Case Number 10R-242; possession of marijuana by an inmate in Case Number 11R-2015; and a probation violation in Case Number 08SR685.[1] (Doc. No. 7-2, pp. 14–17). Boyd was taken by federal authorities pursuant to a writ of habeas corpus ad prosequendum on June 28, 2011. (Id. at p. 19). The Honorable Lisa Godbey Wood sentenced Boyd to 62 months' imprisonment on January 13, 2012, and he was returned to the State of Georgia's custody on January 24, 2012. (Id. at pp. 2, 20). Boyd's state charges were dismissed on March 27, 2012, because he had been sentenced in federal court. (Id. at pp. 15–16). Boyd's probation revocation sentence was terminated on April 11, 2012, and Boyd was transferred to the custody of the United States Marshals Service on April 12, 2012, which is the date Boyd's sentence commenced. (Id. at pp. 17, 20).

Respondent contends that the BOP initially believed Boyd had received all of the credit against his state sentence to which he was entitled. However, during the sentence audit process, staff received information that Boyd had not received credit for 24 days of time served in the state system, from May 28, 2010, until June 24, 2010. (Id. at p. 27). The BOP awarded Boyd this credit against his federal sentence.

Contrary to Boyd's assertion, his federal judgment was silent as to whether his federal sentence was to run concurrently with or consecutively to his state sentence. (Id.

---

[1] There is no indication when Boyd was arrested on state charges.

4

at pp. 2-7). Thus, Boyd's federal sentence was to run consecutively to his state sentence. 18 U.S.C. § 3584(a). Boyd's federal sentence commenced on April 12, 2012, the date the United States Marshals Service obtained custody of him. Boyd is not entitled to any more credit against his federal sentence.

## II. *Nunc pro tunc* designation

The BOP shall designate the place of a prisoner's imprisonment. 18 U.S.C. § 3621(b). The BOP, in its "sound discretion", can "designate a state prison as a place of federal confinement *nunc pro tunc*." Roman v. Nash, 184 F. App'x 277, 279 (3d Cir. 2006) (citing Barden v. Keohane, 921 F. 2d 476, 481 (3d Cir. 1991)). In making this determination, the BOP must consider: "(1) the resources of the facility contemplated; (2) the nature and circumstances of the offense; (3) the history and characteristics of the prisoner; (4) any statement by the court that imposed the sentence--(A) concerning the purposes for which the sentence to imprisonment was determined to be warranted; or (B) recommending a type of penal or correctional facility as appropriate; and (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28." 18 U.S.C. § 3621(b).

The BOP's implementation of this statute is found at Program Statement 5160.05, Designation of State Institution for Service of Federal Sentence. This Statement provides an inmate with the opportunity to request a *nunc pro tunc* designation based on an inmate's request for pre-sentence credit for time spent in service of a state sentence. (Doc. No. 7-1, p. 7; Doc. No. 7-2, p. 37). While the BOP must consider an inmate's request, the BOP has no obligation to grant the request "by designating a state institution retroactively as the place to serve the federal sentence."

5

(Id. at p. ). The BOP will gather and review certain information, such as the federal and state Judgments and Commitments, the state sentence data record to include jail credit, and "any other pertinent information" relating to the sentences. (Id.) Under BOP Program Statement 5160.05, the Regional Directors are delegated the authority to designate a non-federal facility for concurrent service of a federal sentence and may make such a designation "when it is consistent with the intent of the federal sentencing court or the goals of the criminal justice system." Program Statement 5160.05, p. 4 (Jan. 16, 2003), www.bop.gov/policy/progstat/5160_005.pdf, last accessed July 8, 2014.

The BOP considered Boyd's request for *nunc pro tunc* designation and denied the request. Boyd was informed that his state sentence was running at the time his federal sentence was imposed. Boyd was also informed that *nunc pro tunc* designation was not appropriate for him because the federal court had the opportunity to order that Boyd's federal sentence run concurrently with his state sentence but did not. Boyd was further informed that, by statute, multiple terms of imprisonment imposed at different times run consecutively unless a court orders otherwise and that a federal court has no jurisdiction to tell a state court how to calculate or run its sentences. (Doc. No. 7-2, pp. 46–47).

The BOP considered Boyd's request for *nunc pro tunc* designation as required by statute and as implemented as Program Statement 5160.05. The BOP's decision to deny Boyd's request falls within the BOP's discretion, and Boyd provides no reason why this Court should disturb the BOP's determination. Boyd is not entitled to his requested relief.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Boyd's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be **DENIED**.

**SO REPORTED** and **RECOMMENDED**, this 10th day of July, 2014.

_____
JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)